JS-6

LAURIE A. TRAKTMAN (SBN 165588)
**GILBERT & SACKMAN**
A Law Corporation
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
(323) 938-3000; Fax: (323) 937-9139
email: lat@gslaw.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF THE TRI-COUNTIES SHEET METAL AIR CONDITIONING CONTRACTORS ASSOCIATION INDUSTRY FUND; BOARD OF TRUSTEES OF THE TRI-COUNTIES SHEET METAL AND AIR CONDITIONING INDUSTRY JOINT APPRENTICESHIP COMMITTEE; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 273 DUES CHECK OFF FUND; BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 273 SECTION 401(a) PLAN; and BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 273 WAGE EQUALITY FUND, <br><br> Plaintiffs, <br><br> v. <br><br> JCR SHEET METAL CO., INC., and GILLES ANDRE RENAUD, an individual, <br><br> Defendants. | Case No. CV-10-2638 GAF (FMOx) <br><br> STIPULATION FOR JUDGMENT <br><br> AND JUDGMENT |

///

1

IT IS HEREBY STIPULATED by and between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("Pension Plan"); Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of the Tri-Counties Sheet Metal air Conditioning Contractors Association Industry Fund ("Industry Fund"); Board of Trustees of the Tri-Counties Sheet Metal and Air Conditioning Industry Joint Apprenticeship Committee ("JAC"); Board of Trustees of the Sheet Metal Workers Local 273 Dues Check off Fund ("Dues Fund"); Board of Trustees of the Sheet Metal Workers Local 273 Section 401(a) Plan ("401(a) Plan"); and Board of Trustees of the Sheet Metal Workers Local 273 Wage Equality Fund ("Wage Equality Fund") (collectively, the "Plans" or the "Sheet Metal Workers' Trust Funds"), and defendants Gilles Andre Renaud ("Individual Defendant") and JCR Sheet Metal Co., Inc., ("Company"), subject to the approval of this Court:

1. The Company and the Individual Defendant are and/or have been parties to a collective bargaining agreement with Sheet Metal Workers International Union, Local No. 273, which created an obligation to pay monthly employee benefit plan contributions to the Plans.

2. That the Company and the Individual Defendant are indebted to the Plans in the total amount of $93,257.35 broken down as follows: $8,458.98 in delinquent installments owed per the previous Stipulation for Judgment signed by the Company and the Individual Defendant; contributions in the amount of $44,902.59 for the delinquent work months of July 2009 ($4,705.72), December 2009($6,397.42), January 2010 ($6,610.20), February 2010 ($6,007.55), March 2010 ($6,256.09), April 2009 ($6,081.85), and May 2009 (estimated at $8,843.76) the accrued liquidated damages in the amount of $20,000 for the work months of July 2009, December 2009, January 2010, February 2010, March 2010 and April 2010, and May 2010 ($8,905.52); interest in the amount of $4,490.26 plus interest not paid per the previous Stipulation for Judgment in the amount of $1,500.00, and attorney's fees in the amount of $25,000.

///

3. The Company and Individual Defendant remain delinquent in their required payments of employee benefit plan contributions to the Plans for the work months of April 2009 through May 2010.

4. Based on the foregoing, Judgment may be entered in this case in favor of the Plans and against the Company and Individual Defendant, jointly and severally, in the amount of $93,257.35 in delinquent employee benefit plan contributions, an audit, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

5. The Company and Individual Defendant may satisfy the judgment by paying, and shall pay a total of $62,342.09, composed of $8,458.98 in delinquent installments owed per the previous Stipulation for Judgment signed by the Company and the Individual Defendant; contributions in the amount of $44,902.59 for the delinquent work months of July 2009 ($4,705.72), December 2009($6,397.42), January 2010 ($6,610.20), February 2010 ($6,007.55), March 2010 ($6,256.09), April 2009 ($6,081.85), and May 2009 (estimated at $8,843.76), liquidated damages in the amount of $8,980.52 for contributions for the work months of July 2009, December 2009, January 2010, February 2010, March 2010, April 2010 and May 2010 according to the following payment plan: fourteen installments each in the amount of $4,400 to be paid beginning July 1, 2010 and continuing on the 1st day of each successive month until August 1, 2011, followed by a final installment of $742.09 to be paid on or by September 1, 2011. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

///

6. The amounts listed as contributions due are based on reports submitted by the Company. This agreement is not intended to and does not prejudice the Plans' right to collect additional amounts if additional contributions are in fact due.

7. Apportionment and crediting of all sums received by the Plans under or pursuant to this Stipulation for Judgment shall be at the sole and exclusive discretion of the Plans, consistent with federal law.

8. The Company and Individual Defendant may be restrained and enjoined, for the period beginning with the month of July 2010 through October 2011, from failing or refusing:

    a. to make payments of contributions to the Plans on the dates on which they fall due; and

    b. to submit to the Plans accurate and complete remittance reports on the dates on which they fall due, including, when applicable, "no hours" reports for months for which no covered work is performed.

    c. to submit to the Plans a monthly list of all construction jobs which at that time are in progress, were completed within the last 120 days, or are contemplated to be started within the next 30 days, and accounts receivables which should include, among others things, the following information: the proper names and addresses of the jobs on which the Company and/or Individual Defendant are working, the names and addresses of the owners of the jobs, the names and addresses of the general contractors on the job and the numbers of hours that each employee worked on the jobs, any certified payrolls, and the dates the jobs were completed or are expected to be completed, to the extent

4

that such information is available.

8. This agreement is without prejudice to any Miller Act claims, mechanic's liens, or stop notices which may be filed by the Plans on jobs worked by the Company.

9. In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

10. This Court may retain jurisdiction over this matter through October 2011 to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

11. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

///
///
///
///
///

12. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

Dated: 6/21/10

Respectfully submitted,

**GILBERT & SACKMAN**
A Law Corporation

By: _____
Laurie A. Traktman
Attorneys for Plaintiffs

Dated: 6/21/10

JCR Sheet Metal Co., Inc.

By: _____
Gilles Andre Renaud, President

Dated: 6/21/10

Gilles Andre Renaud

By: _____
Gilles Andre Renaud, Individual

1  LAURIE A. TRAKTMAN (SBN 165588)
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California 90010-2732
   (323) 938-3000; Fax: (323) 937-9139
4  email: lat@gslaw.org

5  Attorneys for Plaintiffs

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11 | BOARD OF TRUSTEES OF THE SHEET ) | Case No. CV-10-2638 GAF (FMOx)
   | METAL WORKERS' PENSION PLAN OF )
12 | SOUTHERN CALIFORNIA, ARIZONA  ) | ORDER ON STIPULATION FOR
   | AND NEVADA; BOARD OF TRUSTEES ) | JUDGMENT
13 | OF THE SHEET METAL WORKERS'   )
   | HEALTH PLAN OF SOUTHERN       )
14 | CALIFORNIA, ARIZONA AND NEVADA; )
   | BOARD OF TRUSTEES OF THE TRI- )
15 | COUNTIES SHEET METAL AIR      )
   | CONDITIONING CONTRACTORS      )
16 | ASSOCIATION INDUSTRY FUND;    )
   | BOARD OF TRUSTEES OF THE TRI- )
17 | COUNTIES SHEET METAL AND AIR  )
   | CONDITIONING INDUSTRY JOINT   )
18 | APPRENTICESHIP COMMITTEE;     )
   | BOARD OF TRUSTEES OF THE SHEET )
19 | METAL WORKERS LOCAL 273 DUES  )
   | CHECK OFF FUND; BOARD OF      )
20 | TRUSTEES OF THE SHEET METAL   )
   | WORKERS LOCAL 273 SECTION 401(a) )
21 | PLAN; and BOARD OF TRUSTEES OF )
   | THE SHEET METAL WORKERS       )
22 | LOCAL 273 WAGE EQUALITY FUND, )
                                    )
23   Plaintiffs,                    )
                                    )
24        v.                        )
                                    )
25 JCR SHEET METAL CO., INC., and   )
   GILLES ANDRE RENAUD, an individual, )
26                                  )
   Defendants.                      )
27 _____ )

28
   ///

                                    1

1  Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Sheet
2  Metal Workers' Pension Plan of Southern California, Arizona and Nevada; Board of
3  Trustees of the  Sheet Metal Workers' Health Plan of Southern California, Arizona and
4  Nevada; Board of Trustees of the Tri-Counties Sheet Metal air Conditioning Contractors
5  Association Industry Fund; Board of Trustees of the Tri-Counties Sheet Metal and Air
6  Conditioning Industry Joint Apprenticeship Committee; Board of Trustees of the Sheet
7  Metal Workers Local 273 Dues Check off Fund; Board of Trustees of the Sheet Metal
8  Workers Local 273 Section 401(a) Plan; and Board of Trustees of the Sheet Metal Workers
9  Local 273 Wage Equality Fund  (collectively, the "Plans" or the "Sheet Metal Workers' Trust
10 Funds"), and defendants Gilles Andre Renaud ("Individual Defendant") and JCR Sheet
11 Metal Co., Inc., ("Company"), the Court has considered the matter fully and concluded that
12 good cause exists to approve the parties' Stipulation in its entirety.
13       Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:
14       1.   The Company and the Individual Defendant are indebted to the Plans in the
15 total amount of $93,257.35 broken down as follows: $8,458.98 in delinquent installments
16 owed per the previous Stipulation for Judgment signed by the Company and the Individual
17 Defendant; contributions in the amount of $44,902.59 for the delinquent work months of
18 July 2009 ($4,705.72), December 2009($6,397.42), January 2010 ($6,610.20), February
19 2010 ($6,007.55), March 2010 ($6,256.09), April 2009 ($6,081.85), and May 2009
20 (estimated at $8,843.76) the accrued liquidated damages in the amount of $20,000 for the
21 work months of July 2009, December 2009, January 2010, February 2010, March 2010 and
22 April 2010, and May 2010 ($8,905.52); interest in the amount of $4,490.26 plus interest not
23 paid per the previous Stipulation for Judgment in the amount of $1,500.00, and attorney's
24 fees in the amount of $25,000.
25       2.   Judgment may be entered in this case in favor of the Plans and against the
26 Company and Individual Defendant, jointly and severally, in the amount of $93,257.35 in
27 delinquent employee benefit plan contributions, an audit, liquidated damages, attorney fees
28 and costs, together with post-judgment interest thereon at the rate of 10% per annum as of

the date of the Judgment.

3. The Company and Individual Defendant may satisfy the judgment by paying, and shall pay a total of $62,342.09, composed of $8,458.98 in delinquent installments owed per the previous Stipulation for Judgment signed by the Company and the Individual Defendant; contributions in the amount of $44,902.59 for the delinquent work months of July 2009 ($4,705.72), December 2009($6,397.42), January 2010 ($6,610.20), February 2010 ($6,007.55), March 2010 ($6,256.09), April 2009 ($6,081.85), and May 2009 (estimated at $8,843.76), liquidated damages in the amount of $8,980.52 for contributions for the work months of July 2009, December 2009, January 2010, February 2010, March 2010, April 2010 and May 2010 according to the following payment plan: fourteen installments each in the amount of $4,400 to be paid beginning July 1, 2010 and continuing on the 1st day of each successive month until August 1, 2011, followed by a final installment of $742.09 to be paid on or by September 1, 2011. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

4. In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

5 . This Court may retain jurisdiction over this matter through October 2011 to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and

1. equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7 This Stipulation does not limit the Trust Funds' right to file additional court actions to collect any additional sums owed should the Trust Funds discover further moneys owed to the Plans.

8. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED**.

Dated: June 25, 2010

_____
Hon. Gary A. Feess